IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF AMERICA

    v.

LARRY D. JUSTICE, JR.,

    Defendant.

CRIMINAL ACTION FILE
NO. 4:12-CR-006-HLM-WEJ

## NON-FINAL REPORT AND RECOMMENDATION

This matter is before the Court on defendant Larry D. Justice, Jr.'s Motion to

Dismiss the Indictment [23], asserting that 18 U.S.C. § 2422(b) is unconstitutional

pursuant to the Tenth Amendment and that, regardless, he cannot be convicted of

violating that statute because the alleged illegal activity did not involve an actual

minor. Because defendant's contentions are without merit, the undersigned

**RECOMMENDS** that the Motion to Dismiss the Indictment be **DENIED**.

## I.  **BACKGROUND**

On January 17, 2012, the grand jury returned a single-count Indictment [1]

against Mr. Justice, alleging as follows:

> Beginning on or about September 22, 2011, and continuing until on or about September 25, 2011, in the Northern District of Georgia, the defendant, LARRY D. JUSTICE, using a facility and means of interstate commerce, that is, a cellular telephone connected to the Internet, knowingly attempted to persuade, induce, and entice an individual who had not attained the age of 18 years to engage in sexual activity for which the defendant could be charged with a criminal offense, that is, child molestation (O.C.G.A. § 16-6-4), in violation of 18 U.S.C. § 2422(b).

(Indictment.)[1]

_____

[1] Section 2422(b) provides as follows:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b).

AO 72A
(Rev.8/8
2)

## II. **DISCUSSION**

### A. **§ 2422(b) Is Constitutional As Applied To Defendant**

Defendant argues that crimes against children have traditionally been purely state or local matters, and argues that § 2422(b) violates the Tenth Amendment[2] because the power to regulate such behavior properly lies with the States. (Def.'s Mot. Dismiss 3-11.) He argues that the federal government has no jurisdiction over this case because his alleged communication with an undercover police officer regarding fictitious minors occurred entirely within the State of Georgia. (Id. at 1, 9.) Defendant cites the Supreme Court's recent decision in Bond v. United States, 131 S. Ct. 2355 (June 16, 2011), in support of those arguments. (Def.'s Mot. Dismiss 3 n.1 & 4 n.3.)

Defendant reads Bond too expansively. The defendant in Bond engaged in a campaign of harassment toward her husband's mistress, which included placing caustic chemicals on objects the woman was likely to touch. 131 S. Ct. at 2360. A grand jury in the United States District Court for the Eastern District of Pennsylvania indicted the defendant for, inter alia, violating 18 U.S.C. § 229, part of a federal

---

[2] The Tenth Amendment provides that "[p]owers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X.

AO 72A
(Rev.8/8
2)

statute implementing a chemical weapons treaty, which specifically forbids possession or use of certain chemicals. <u>Bond</u>, 131 S. Ct. at 2360. The defendant entered a conditional guilty plea, then appealed the trial court's determination that she did not have standing to challenge the constitutionality of her federal prosecution; the Third Circuit affirmed the lower court's decision. <u>Id.</u> at 2360-61. The Supreme Court granted certiorari. 131 S. Ct. 455 (2010).

The Supreme Court focused on "whether a person indicted for violating a federal statute has standing to challenge its validity on grounds that, by enacting it, Congress exceeded its powers under the Constitution, thus intruding upon the sovereignty and authority of the States." <u>Bond</u>, 131 S. Ct. at 2360. Therefore, it did not reach the merits of the defendant's argument that, as applied to her, a federal statute forbidding possession or use of certain chemicals impinged on the sovereign authority of the Commonwealth of Pennsylvania to regulate her wholly local conduct. <u>Id.</u> at 2366-67. Instead, the Court explained that, in a proper case, a litigant may have prudential standing to "challenge a law as enacted in contravention of constitutional principles of federalism," and observed that the litigant's claim "need not depend on the vicarious assertion of a State's constitutional interests, even if a

4

State's constitutional interests are also implicated." Id. at 2365. The Court reversed

and remanded the case, concluding that

> [t]here is no basis in precedent or principle to deny petitioner's standing to raise her claims. The ultimate issue of the statute's validity turns in part on whether the law can be deemed "necessary and proper for carrying into Execution" the President's Article II, § 2 Treaty Power, see U.S. Const.[] Art. I, § 8, cl. 18. This Court expresses no view on the merits of that argument. It can be addressed by the Court of Appeals on remand.

Id. at 2367.

Nothing in Bond requires this Court to second-guess binding Eleventh Circuit

precedent. See United States v. Faris, 583 F.3d 756, 758-59 (11th Cir. 2009) (per

curiam) (holding that Congress properly enacted § 2422(b) under both the

Commerce Clause and the Necessary and Proper Clause)[3]; United States v. Liton,

311 F. App'x 300, 301 (11th Cir. 2009) (per curiam) (same).[4]

Because Eleventh Circuit jurisprudence remains binding on the Court, as it is

not contravened by Bond, and defendant's alleged conduct may be prosecuted under

---

[3] Faris also confirmed that § 2422(b) applies to conduct occurring over internet and telephone lines, even where the alleged illegal communication was not routed out of state–as is alleged to be the case here. 583 F.3d at 759.

[4] At least one Circuit has concluded that § 2422(b)'s incorporation of sexual activities made criminal under state law does not violate the Tenth Amendment. United States v. Dhingra, 371 F.3d 557, 564-65 (9th Cir. 2004).

AO 72A
(Rev.8/8
2)

§ 2422(b).  Accordingly, the undersigned **RECOMMENDS** that the Motion to Dismiss be **DENIED** with regard to defendant's contention that § 2422(b) is unconstitutional as applied to this case.

**B.**     **§ 2422(b) Does Not Require An Actual Minor**

Defendant argues that, by its plain language, § 2422(b) applies only to conduct involving actual minors.  (Def.'s Mot. Dismiss 11-12.)

The Eleventh Circuit has squarely rejected defendant's argument, repeatedly holding that § 2422(b) permits prosecution of a person who arranges to have sex with a fictional minor through communications with an adult intermediary.  United States v. Lanzon, 639 F.3d 1293, 1299 (11th Cir. 2011) (holding that an actual minor not necessary and that, regardless of whether an actual or supposed minor is involved, the government must show that the defendant "(1) intended to cause assent on the part of the minor, and (2) took a substantial step toward causing assent, not toward causing actual sexual contact.") (internal citations and quotations omitted); United States v. Farley, 607 F.3d 1294, 1235 (11th Cir. 2010); United States v. Lee, 603 F.3d 904, 913 (11th Cir. 2010); United States v. Root, 296 F.3d 1222, 1227-29 (11th Cir. 2002).

AO 72A
(Rev.8/8
2)

Accordingly, the undersigned **RECOMMENDS** that the Motion to Dismiss be **DENIED** with regard to defendant's contention that his alleged conduct could not violate § 2422(b) because it did not involve an actual minor.

### III.    CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that defendant's Motion to Dismiss the Indictment [23] be **DENIED**.

**SO RECOMMENDED**, this 20th day of June, 2012.


WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/8
2)