# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

UNITED STATES OF
AMERICA

v.

LARRY D. JUSTICE, JR.

CRIMINAL ACTION FILE
NO. 4:12-CR-006-01-HLM

## ORDER

This case is before the Court on Defendant's Motion to Dismiss the Indictment ("Motion to Dismiss") [23], on the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [24], and on Defendant's Objections to the Non-Final Report and Recommendation [27].

I.  **Standard of Review**

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a <u>de novo</u> review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. <u>Macort v. Prem, Inc.</u>, 208 F. App'x 781, 784 (11th Cir. 2006); <u>Jeffrey S. by Ernest S. v. State Bd. of Educ.</u>, 896 F.2d 507, 513 (11th Cir. 1990); <u>United States v. Gaddy</u>, 894 F.2d 1307, 1315 (11th Cir. 1990); <u>LoConte v. Dugger</u>, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely

2

objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. Macort, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review regardless of whether a party specifically objects. United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Background

On January 17, 2012, a federal grand jury sitting in the Northern District of Georgia returned a single-count Indictment against Defendant. (Docket Entry No. 1.) The Indictment charges:

> Beginning on or about September 22, 2011, and continuing until on or about September 25, 2011, in the Northern District of Georgia, the defendant, LARRY D. JUSTICE, using a facility

AO 72A (Rev.8/82)

and means of interstate commerce, that is, a cellular telephone connected to the Internet, knowingly attempted to persuade, induce, and entice an individual who had not attained the age of 18 years to engage in sexual activity for which the defendant could be charged with a criminal offense, that is, child molestation (O.C.G.A. § 16-6-4), in violation of 18 U.S.C. § 2422(b).

(Indictment.)[1]

On June 11, 2012, Defendant filed his Motion to Dismiss. (Docket Entry No. 23.) On June 20, 2012, Judge Johnson issued his Non-Final Report and

---

[1]Section 2422(b) provides:

Whoever, using the mail or any facility or means of interstate or foreign commerce, . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b).

AO 72A (Rev.8/82)

Recommendation, in which Judge Johnson recommended that the Court deny Defendant's Motion to Dismiss. (Docket Entry No. 24.)

Defendant has filed Objections to the Non-Final Report and Recommendation. (Docket Entry No. 27.) The Court finds that no response from the Government is necessary, and concludes that this matter is ripe for resolution.

## III. Discussion

### A. Section 2422(b) is Constitutional as Applied to Defendant

In his Motion to Dismiss, Defendant argues that crimes against children have traditionally been purely state or local matters, and argues that § 2422(b) violates the Tenth

AO 72A
(Rev.8/8
2)

Amendment[2] because the power to regulate such behavior properly lies with the States. (Def.'s Mot. Dismiss at 3-11.) Defendant contends that the federal government has no jurisdiction over this case because Defendant's alleged communication with an undercover police officer regarding fictitious minors occurred entirely within Georgia. (Id. at 1, 9.) In support of those arguments, Defendant cites Bond v. United States, 131 S. Ct. 2355 (2011). (Def.'s Mot. Dismiss at 3 n.1 & 4 n.3.)

The Court agrees with Judge Johnson that Bond does not warrant dismissing the indictment in this case. As Judge Johnson noted:

---

[2]The Tenth Amendment provides that "[p]owers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X.

AO 72A
(Rev.8/82)

Defendant reads Bond too expansively. The defendant in Bond engaged in a campaign of harassment toward her husband's mistress, which included placing caustic chemicals on objects the woman was likely to touch. 131 S. Ct. at 2360. A grand jury in the United States District Court for the Eastern District of Pennsylvania indicted the defendant for, inter alia, violating 18 U.S.C. § 229, part of a federal statute implementing a chemical weapons treaty, which specifically forbids possession or use of certain chemicals. Bond, 131 S. Ct. at 2360. The defendant entered a conditional guilty plea, then appealed the trial court's determination that she did not have standing to challenge the constitutionality of her federal prosecution; the Third Circuit affirmed the lower court's decision. Id. at 2360-61. The Supreme Court granted certiorari. 131 S. Ct. 455 (2010).

The Supreme Court focused on "whether a person indicted for violating a federal statute has standing to challenge its validity on grounds that, by enacting it, Congress exceeded its powers under the Constitution, thus intruding upon the sovereignty and authority of the States." Bond, 131 S. Ct. at 2360. Therefore, it did not reach the merits of the defendant's argument that, as

7

AO 72A
(Rev.8/82)

applied to her, a federal statute forbidding possession or use of certain chemicals impinged on the sovereign authority of the Commonwealth of Pennsylvania to regulate her wholly local conduct. Id. at 2366-67. Instead, the Court explained that, in a proper case, a litigant may have prudential standing to "challenge a law as enacted in contravention of constitutional principles of federalism," and observed that the litigant's claim "need not depend on the vicarious assertion of a State's constitutional interests, even if a State's constitutional interests are also implicated." Id. at 2365. The Court reversed and remanded the case, concluding that

> [t]here is no basis in precedent or principle to deny petitioner's standing to raise her claims. The ultimate issue of the statute's validity turns in part on whether the law can be deemed "necessary and proper for carrying into Execution" the President's Article II, § 2 Treaty Power, see U.S. Const.[] Art. I, § 8, cl. 18. This Court expresses no view on the merits of that argument. It can be addressed by the Court of Appeals on remand.

8

AO 72A
(Rev.8/8 2)

Id. at 2367.

Nothing in Bond requires this Court to second-guess binding Eleventh Circuit precedent. See United States v. Faris, 583 F.3d 756, 758-59 (11th Cir. 2009) (per curiam) (holding that Congress properly enacted § 2422(b) under both the Commerce Clause and the Necessary and Proper Clause); United States v. Liton, 311 F. App'x 300, 301 (11th Cir. 2009) (per curiam) (same).

(Non-Final Report & Recommendation at 3-5 (footnotes omitted).)[3] The Court agrees with Judge Johnson that Bond

---

[3] As Judge Johnson also recognized, the Eleventh Circuit has found that § 2422(b) applies to conduct that occurs over the internet and the telephone lines, even where the allegedly illegal communications were not routed out of state. (Non-Final Report & Recommendation at 5 n.3 (citing Faris, 583 F.2d at 759).) The Court consequently rejects Defendant's argument that § 2422(b) does not apply to him because all of his communications occurred within Georgia.

Further, the United States Court of Appeals for the Ninth Circuit has concluded that § 2422(b) does not violate the Tenth Amendment simply because the statute incorporates sexual activities made criminal under state law. United States v. Dhingra, 371 F.3d 557, 564-65 (9th Cir. 2004). Although Dhingra is not

9

AO 72A
(Rev.8/8 2)

does not contravene Eleventh Circuit precedent, and that the Eleventh Circuit precedent remains binding on this Court. (Id. at 5-6.) Nothing in Defendant's Objections changes that result--the Court remains bound by the pre-existing Eleventh Circuit precedent. The Court therefore rejects Defendant's argument that § 2422(b) is unconstitutional as applied to his case, and denies this portion of Defendant's Motion to Dismiss.

### B. Section 2422(b) Does Not Require an Actual Minor

Next, Defendant argues that, by its plain language, § 2422(b) applies only to conduct involving actual minors. (Def.'s Mot. Dismiss at 11-12.) Judge Johnson correctly

---

binding on the Court, it constitutes persuasive authority for rejecting that Defendant's Tenth Amendment challenge.

observed that "[t]he Eleventh Circuit has squarely rejected [D]efendant's argument, repeatedly holding that § 2422(b) permits prosecution of a person who arranges to have sex with a fictional minor through communications with an adult intermediary." (Non-Final Report & Recommendation at 6 (collecting cases).) Once again, nothing in Defendant's Objections changes that result. The pre-existing Eleventh Circuit authority remains binding on the Court, and the Court therefore is constrained to find that an actual minor is not required for a violation of § 2422(b). The Court consequently denies this portion of Defendant's Motion to Dismiss.

AO 72A
(Rev.8/82)

## IV. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [24], **OVERRULES** Defendant's Objections to the Non-Final Report and Recommendation [27], and **DENIES** Defendant's Motion to Dismiss the Indictment [23].

IT IS SO ORDERED, this the 5 day of July, 2012.

_____
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)